NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: KSL MEDIA, INC., | No. 16-56738 |
| Debtor, | D.C. No. 2:15-cv-02143-AB-GJS |
| DAVID K. GOTTLIEB, as Chapter 7 Trustee for KSL Media, Inc., | MEMORANDUM* |
| Plaintiff-Appellant, | |
| v. | |
| KALMAN S. LIEBOWITZ; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted April 10, 2018
Pasadena, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

Plaintiff-Appellant David Gottlieb, as Chapter 7 Trustee for KSL Media, Inc. ("KSL"), brought the instant action alleging that Defendants-Appellees Kalman Liebowitz, Harold Cohen, and Russell Meisels violated their fiduciary duties and caused KSL to file for bankruptcy. Defendants-Appellees moved for summary judgment, arguing that Plaintiff-Appellant's complaint was a *Caremark*[1] claim under Delaware law and that Plaintiff-Appellant did not allege bad faith, a component necessary to hold them liable under *Caremark*. The district court granted Defendants-Appellees' motion, finding that Plaintiff-Appellant asserted a *Caremark* claim and made no showing of bad faith.[2] Plaintiff-Appellant timely appealed.

We review the district court's grant of summary judgment *de novo*. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). We likewise review the district court's interpretation of state law *de novo*. *Id.* We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The parties agree that Delaware law governs this case, as KSL was incorporated in Delaware.

Plaintiff-Appellant first argues that a *Caremark* claim for lack of oversight applies only to corporate directors, and not officers. He argues that

---

[1] *In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959 (Del. Ch. 1996) ("Caremark").

[2] Plaintiff-Appellant conceded in the district court that Defendants did not act in bad faith.

*Caremark* is therefore inapplicable here because Defendants-Appellees were sued in their capacity as officers. We disagree. Under Delaware law, the fiduciary duties of officers are identical to the fiduciary duties of directors. *Gantler v. Stephens*, 965 A.2d 695, 708–09 (Del. 2009); *In re World Health Alternatives, Inc.*, 385 B.R. 576, 592 (Bankr. D. Del. 2008) (applying Delaware law). The *World Health* court also observed that "the *Caremark* decision itself suggests that the [*Caremark*] test would be applicable to officers." *World Health*, 385 B.R. at 592. Specifically, the *Caremark* court reasoned that "neither corporate boards *nor senior officers* can be charged with wrongdoing simply for assuming the integrity of employees and the honesty of their dealings on the company's behalf." *Caremark*, 698 A.2d at 969 (emphasis added). Plaintiff-Appellant has cited no authority holding that officers cannot be held liable under *Caremark*.

Plaintiff-Appellant further argues that the district court incorrectly characterized his complaint as a *Caremark* claim rather than a claim for breach of the duty of care. A *Caremark* claim alleges that the "directors allowed a situation to develop and continue which exposed the corporation to enormous legal liability and that in so doing they violated a duty to be active monitors of corporate performance." *Id.* at 967. The majority of the complaint's allegations amount to purported failures to oversee and actively

monitor, which unmistakably fall within the ambit of a *Caremark* claim. For instance, the complaint alleges that Defendants-Appellees implemented reporting systems, but failed to oversee KSL's operations, thus disabling them from being informed. The complaint also alleges that Defendants-Appellees failed to implement proper oversight procedures. These are characteristic *Caremark* claims.

In contrast, a claim for breach of the duty of care asserts that directors or officers made an uninformed business decision. *See In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 52 (Del. 2006) (requiring breach of duty of care claims to rebut the presumption that "in making a business decision the directors of a corporation acted on an informed basis") (citation omitted); *see also In re Fedders N. Am., Inc.*, 405 B.R. 527, 539 (Bankr. D. Del. 2009) (holding that a breach of the duty of care "generally requires directors and officers to fail to inform themselves fully and in a deliberate manner.") (citing *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 368 (Del. 1993)).

Absent from the complaint is any allegation that Defendants-Appellees made an uninformed business decision. To the contrary, the complaint criticizes Cohen's decision to use client prepayments to fund KSL's operations after he had all of the material information necessary to make an informed decision.

Plaintiff-Appellant's list of genuine issues of disputed fact asserts that Liebowitz did not fully apprise himself of all material information related to KSL. However, Plaintiff-Appellant did not link this failure to any specific business decision. Plaintiff-Appellant's list of facts amount to a claim that Liebowitz failed to adequately oversee KSL's business as a result of his failure to inform himself. This, too, is effectively a *Caremark* claim.

The complaint's claims against Meisels also fail to persuade. These allegations assert *Caremark* violations rather than violations of the duty of care. The complaint alleges that Meisels failed to oversee KSL's business performance adequately, which are characteristic *Caremark* claims.

**AFFIRMED.**